UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NARCISCO MEDINA, CDCR #F-26145,<br><br>                            Plaintiff,<br><br>                vs.<br><br>R. BARENCHI, et al.,<br><br>                         Defendants. | Case No.: 3:16-cv-2423-AJB-KSC<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2]**<br><br>**2) DENYING MOTION FOR APPOINTMENT OF COUNSEL [ECF No. 3]**<br><br>**AND**<br><br>**3) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b)** |

     NARCISCO MEDINA ("Plaintiff"), currently incarcerated at Mule Creek State Prison ("MCSP'") in Ione, California, and proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1).

     Plaintiff's claims Dr. R. Barenchi, a physician at Richard J. Donovan Correctional Facility ("RJD"), and three other RJD doctors (Walker, Robert and Glynn), together with

J. Lewis, the Deputy Director of California Correctional Health Care Services, refused to prescribe, and then denied his CDC 602 HC Appeal requesting morphine to manage chronic pain in violation of the Eighth Amendment. (*Id.* at 2-5.)  He seeks injunctive relief requiring "effective pain medication—such as morphine," as well as $1,000 in general and punitive damages. (*Id.* at 9.)

Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) when he filed his Complaint; instead, he has filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2), together with a Motion to Appoint Counsel (ECF No. 3).

## I. Plaintiff's IFP Motion

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ S. Ct.  __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his IFP Motion, Plaintiff has submitted a certified copy of his CDCR Inmate Statement Report, together with a certificate of funds certified by a prison official at MCSP, as required 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. *See* ECF No. 2 at 6-7; *Andrews*, 398 F.3d at 1119. These documents shows Plaintiff had no deposits to his account, carried no balance over the 6-month period preceding the filing of his Complaint, and had an available balance of zero at the time of filing. As a result, the Court declines to assess any initial partial filing at this time. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.").

Therefore, the Court GRANTS Plaintiff's Motion to Proceed IFP (ECF No. 2) and directs the Secretary of the California Department of Corrections and Rehabilitation ("CDCR"), or his designee, to collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1). *See id.*

## II. Motion to Appoint Counsel

Plaintiff has also filed a Motion for Appointment of Counsel (ECF No. 3). Plaintiff claims he is unable to afford counsel, has limited knowledge of the law, and his limited law library access will "greatly limit his ability to litigate." (*Id.* at 1.)

First, the Court assures Plaintiff that all pro se pleadings are "liberally construed," and that "a pro se complaint, however inartfully pleaded," is held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted). Moreover, FED. R. CIV. P. 8(e) requires that "[p]leadings …be construed so as to do justice."

Second, there is no constitutional right to counsel in a civil case. *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981). While under 28 U.S.C. § 1915(e)(1), district courts have some limited discretion to "request" that an attorney represent an indigent civil litigant, *Agyeman v. Corr. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004), this discretion is rarely exercised and only under "exceptional circumstances." *Id.*; *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A finding of exceptional circumstances requires "an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Under these standards, the Court DENIES Plaintiff's Motion to Appoint Counsel (ECF No. 3) without prejudice because, as discussed below, a liberal construction of his Complaint shows both that he *is* capable of articulating the factual basis for his Eighth Amendment medical care claims, which appear typical, straightforward, and not at all complex. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (concluding that the "need for development of further facts" is insufficient to demonstrate legal complexity requiring appointment of counsel) (quoting *Wilborn*, 789 F.2d at 1331). Moreover, the likelihood of Plaintiff's success on the merits is not at all yet clear at this preliminary stage of the proceedings. *Agyeman*, 390 F.3d at 1103.

Therefore, neither the interests of justice nor any exceptional circumstances warrant appointment of counsel at this time. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017.

**III.   Screening Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)**

   **A.   Standard of Review**

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its

judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

Finally, in deciding whether Plaintiff has stated a plausible claim for relief, the Court may consider exhibits attached to his Complaint. *See* FED. R. CIV. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citing *Amfac Mortg. Corp. v. Ariz. Mall of Tempe, Inc.*, 583 F.2d 426 (9th Cir. 1978) ("[M]aterial which is properly submitted as part of the complaint may be considered" in ruling on a Rule 12(b)(6) motion to dismiss.)).

### B. Plaintiff's Factual Allegations

Plaintiff's claims are conclusory, and his factual allegations a bit sparse. However, he does allege to have been "seen by Dr. Barenchi, [a] physician & surgeon" at RJD, on February 5, 2016, interviewed, and examined in response to a CDC 602 HC Inmate Appeal he filed regarding pain management. (ECF No. 1 at 5 & Ex. at 12.) Plaintiff requested that Dr. Barenchi prescribe "effective" pain medication to treat the "serious severe major pain" he was suffering as a result of arthritis and an "enlarged hernia." (ECF No. 1 at 4-5.) Plaintiff claims to have told Dr. Barenchi that he had taken ibuprofen, naproxen, motrin, amitriptyline, trileptal, and other medications, but they "did not relieve the pain," so he requested morphine. (*Id.* & Ex. at 12.)

Dr. Barenchi denied the request, "explained to [Plaintiff] that narcotic medication was not recommended for chronic pain," and "offered [him] alternative medications … but [he] refused." (*Id.*) Plaintiff appealed Barenchi's decision, but his appeal was denied on February 12, 2016, at the first level of administrative review, by Defendant R. Walker, RJD's Chief Physician & Surgeon (*id.* at 12), denied again on March 29, 2016, at the second level of review by Defendants S. Roberts, RJD's Chief Medical Executive, and M. Glynn, RJD's Chief Executive Officer (*id.* at 13), and exhausted at the third, and final

level of administrative review on July 19, 2016, by Defendant J. Lewis. (*Id.* at 15-17.) All Defendants reviewing Plaintiff's appeal affirmed Dr. Barenchi's initial assessments. (*Id.* at 12-17.)

### C.   42 U.S.C. § 1983

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

### D.   Eighth Amendment Medical Care

There is no question that Defendants, all alleged to be physicians or medical personnel employed by the State of California to "provide medical services to state prison inmates, acted under color of state law for purposes of § 1983." *West v. Atkins*, 487 U.S. 42, 54 (1988).

However, only "deliberate indifference to a prisoner's serious illness or injury [will] state[] a cause of action under § 1983." *Estelle v. Gamble*, 429 U.S. 97, 105 (1976); *see also Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1241-44 (9th Cir. 2010) (applying *Estelle*'s Eighth Amendment deliberate indifference standard to inadequate medical care claims alleged to violate a pretrial detainees' due process rights).

First, Plaintiff must allege a "serious medical need" by demonstrating that "failure to treat [his] condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1991), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc) (citing *Estelle,* 429 U.S. at 104). The "existence of an injury that a reasonable

doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment." *Id.* at 1059-60.

Plaintiff claims to suffer from "serious severe pain" due to arthritis and an "enlarged hernia." (ECF No. 1 at 4, 5.) Thus, the Court will assume, for purposes of screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A, that he had a serious medical need in February 2016, when he first alleges Defendants denied him "effective pain medication." (*Id.*) *See Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) ("[H]ernia [i]s a serious medical need." (citing *Jones v. Johnson*, 781 F.2d 769, 771 (9th Cir. 1986).

However, even assuming Plaintiff's medical condition and/or pain was sufficiently objectively serious to invoke Eighth Amendment protection, he must also include in his pleading enough factual content to show that each Defendant he seeks to hold liable acted with "deliberate indifference" to his needs. *McGuckin*, 974 F.2d at 1060; *see also Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). "This second prong–defendant's response to the need was deliberately indifferent–is satisfied by showing (a) a purposeful act or failure to respond to [the] prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett*, 439 F.3d at 1096. "Deliberate indifference is a high legal standard," and claims of medical malpractice or negligence are insufficient to establish a constitutional deprivation. *Simmons v. Navajo County*, 609 F.3d 1011, 1019 (9th Cir. 2010) (citing *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004)).

Plaintiff claims only that Defendants collectively "denied [him] an effective pain reliever," and therefore, acted with "deliberate indifference" by refusing his demands for morphine. (ECF No. 1 at 5.) "Deliberate indifference" is a legal conclusion, however; and to the extent Plaintiff's pleading "offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action,'" but no "further factual enhancement," it "will not do." *Iqbal,* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Instead, "[d]eliberate indifference" is evidenced only when a prisoner alleges the official he seeks to hold liable "kn[ew] of and disregard[ed] an excessive risk to inmate health and safety; the official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and he must also [have] draw[n] the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Specifically, Plaintiff must allege "factual content," *Iqbal*, 556 U.S. at 678, which demonstrates "(a) a purposeful act or failure to respond to [his] pain or possible medical need, and (b) harm caused by the indifference." *Wilhelm*, 680 F.3d at 1122 (citing *Jett*, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012) (citation and quotation marks omitted); *Wilhelm*, 680 F.3d at 1122.

Here, while Plaintiff obviously disagrees with Defendants' assessment of his need for narcotics to treat his pain, his disagreement, without more, does not provide sufficient "factual content" to plausibly suggest that either his treating physician, or the subsequent medical officials who reviewed his records in conjunction with his CDC 602 health care appeal in this case, acted with deliberate indifference. *Iqbal*, 556 U.S. at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it ask for more than the sheer possibility that a defendant has acted unlawfully.").

"A difference of opinion between a physician and the prisoner–or between medical professionals–concerning what medical care is appropriate does not amount to deliberate indifference." *Snow*, 681 F.3d at 987 (9th Cir. 2012) (citing *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989)); *Wilhelm*, 680 F.3d at 1122-23. Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." *Snow*, 681 F.3d at 988 (citing *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996)) (internal quotation marks omitted). Indeed, in *Estelle* the Supreme Court rejected a prisoner's Eighth Amendment claim that prison doctors should have done more by way of diagnosis and treatment after he injured his back, and

1  emphasized that "the question whether an X-ray or additional diagnostic techniques or
2  forms of treatment is indicated is a classic example of a matter for medical judgment"
3  and "does not represent cruel and unusual punishment." 429 U.S. at 107.

4      The same is true here as to Plaintiff's alleged denial of morphine, which his
5  exhibits show was medically contraindicated given his condition, and which was not the
6  only source of pain relief offered. *See also Toguchi*, 391 F.3d at 1058 (rejecting
7  prisoner's Eighth Amendment claim that "Seroquel is superior to Triafon" as a mere
8  "difference of medical opinion" insufficient to show deliberate indifference). "While
9  plaintiff is certainly free to refuse specific medications or types of medication, he does
10 not have a right to dictate what medications he will be prescribed." *Peacock v. Horowitz*,
11 No. 2:13-CV-2506-TLN-ACP, 2016 WL 3940346, at *7 (E.D. Cal. July 21, 2016) (citing
12 *Stiltner v. Rhay*, 371 F.2d 420, 421 n.3 (9th Cir. 1967)).

13     Accordingly, the Court finds that Plaintiff has failed to adequate allege an Eighth
14 Amendment claim upon which § 1983 relief can be granted. *See* 28 U.S.C. §§ 1915(e)(2),
15 1915A(b); *Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004. Because he is
16 proceeding without counsel, however, the Court having now provided him with "notice
17 of the deficiencies in his complaint," will also grant Plaintiff an opportunity to amend it.
18 *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citing *Ferdik v. Bonzelet*, 963
19 F.2d 1258, 1261 (9th Cir. 1992)).

20 **IV.   Conclusion and Order**

21     Good cause appearing, the Court:

22     1.   **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a)
23 (ECF No. 2).

24     2.   **DIRECTS** the Secretary of the CDCR, or his designee, to collect from
25 Plaintiff's prison trust account the $350 filing fee owed in this case by garnishing
26 monthly payments from his account in an amount equal to twenty percent (20%) of the
27 preceding month's income and forwarding those payments to the Clerk of the Court each
28 time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL

PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Scott Kernan, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001.

4. **DENIES** Plaintiff's Motion to Appoint Counsel (ECF No. 3).

5. **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1), and **GRANTS** him forty-five (45) days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file an Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED**.

Dated: December 16, 2016

Hon. Anthony J. Battaglia
United States District Judge